UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

Reyna Arellano,

                              Plaintiff,

    -against-

C-Town Supermarket, Inoa Meat & Produce Inc.,
Genaro Antonio Jaques, Angela Irene de Jaques,

                            Defendants.
------------------------------------------------------------X

06 CV 13715

COMPLAINT AND
JURY DEMAND



RECEIVED
DEC 0 4 2006
U.S.D.C. S.D. N.Y.
CASHIERS

      The Plaintiff, by her attorneys, MICHAEL SHEN & ASSOCIATES P.C., as and for a Complaint against the defendants, states and alleges, as follows:

PRELIMINARY STATEMENT

1.     Plaintiff, an employee of defendants C-Town Supermarket and Inoa Meat & Produce Inc. (collectively C-Town), brings this action for wage violations, including denial of overtime pay and minimum wages, pursuant to the Fair Labor Standards Act, 29 U.S.C. § 206, 207, and the New York Labor Law §§190 et. seq. and §§650 et. seq.

JURISDICTIONAL STATEMENT

2.     This Court has jurisdiction over the claims presented pursuant to 28 U.S.C. §§ 1331, 1343, and 1367; and the Fair Labor Standards Act Section 16 ("the FLSA"), as amended, 29 U.S.C. § 216(b).

3.     Plaintiff invokes the supplemental jurisdiction of this court to consider claims arising under state law.

4.     Venue lies in the Southern District of New York, pursuant to 28 U.S.C. §1391.

PARTIES

5.     The plaintiff Reyna Arellano is a resident of the State of New York, County of Queens, and is an employee of defendant C-Town.

6.     The defendants C-Town Supermarket and Inoa Meat & Produce Inc. (hereinafter collectively "C-Town") are companies doing business under the laws of the State of New York, with a principal place of business at 309 East 115th Street, New York, New York. C-Town is a business enterprise engaged in interstate commerce, and gross annual income over $500,000.00. C-Town is an employer for all purposes of this litigation.

7.     Defendant Genaro Antonio Jaques is an owner and manager of C-Town in New York, and a resident of the State of New York. He had the authority to make, and did make, all personnel decisions, including hiring and firing, and was responsible for making decisions and/or implementing policies by or on behalf of C-Town that affected the plaintiffs as detailed herein. Defendant Genaro Antonio Jaques is an employer for all purposes of this litigation.

8.     Defendant Angela Irene de Jaques, is an owner and manager of C-Town in New York, and a resident of the State of New York. She had the authority to make, and did make, all personnel decisions, including hiring and firing, and was responsible for making decisions and/or implementing policies by or on behalf of C-Town that affected the plaintiffs as detailed herein. Defendant Angela Irene de Jaques is an employer for all purposes of this litigation.

## STATEMENT OF FACTS

9.     Plaintiff Reyna Arellano worked as a delivery person for C-Town from January 6, 2002 to present.

10.    There were usually three other delivery persons working for C-Town.

11.    Her performance and qualifications are excellent.

### MINIMUM WAGES AND OVERTIME PAY WERE DENIED

12. Plaintiff and the other delivery persons were not paid any wages.

13. They received only tips from customers for whom they delivered groceries.

14. Defendant C-Town paid her nothing.

15. C-Town intentionally claimed that plaintiff was not an employee.

16. C-Town did not maintain records of the hours Ms. Arellano worked

17. Ms. Arellano regularly worked over 40 hours per week, but was never paid anything by C-Town, including pay at the legal overtime rate.

18. In fact, plaintiff Arellano worked 10 hours per day, 6 days per week.

19. Delivery persons, including plaintiff, were legally entitled to minimum wages and an overtime rate of one and one-half times their regular hourly wage for all hours worked in excess of 40 hours per week.

20. The delivery persons were not paid at the legally required overtime rate for their overtime work.

21. The defendants were, at all relevant times herein, aware that the delivery persons, including plaintiff, were not being paid their full and proper wages in accordance with the provisions of the Fair Labor Standards Act and the New York State Labor Law.

22. In fact, it was the explicit and stated policy of defendants not to pay for any wages to delivery persons, including overtime wages at the legally required rate.

23. The defendants willfully failed to make minimum wages and overtime payments.

## FIRST CAUSE OF ACTION
## VIOLATIONS OF THE FAIR LABOR STANDARDS ACT: OVERTIME PAY

24. Plaintiff repeats and realleges all allegations previously set forth.

25. Plaintiff brings this claim for minimum wages and overtime pay pursuant to the Fair Labor Standards Act, 29 U.S.C. §§206, 207.

26. As a result of the foregoing, plaintiff seeks judgment against the defendants, granting declaratory relief finding that the practices complained of herein are illegal, injunctive relief to correct the illegal practices complained of herein, monetary damages in the amount of all unpaid overtime wages, minimum wages, and liquidated damages, together with an award of costs, interest, and attorney's fees, as provided for pursuant to 29 U.S.C. §§206, 207, 216(b).

SECOND CAUSE OF ACTION:
VIOLATIONS OF NEW YORK LABOR LAW ARTICLES 6 AND 19

27. Plaintiff repeats and realleges all allegations previously set forth.

28. Plaintiff brings this claim for overtime pay and minimum wages or the full and proper payment of their wages and benefits in violation of New York Labor Law Articles 6 and 19, §§ 190 et.seq. and §§ 650 et.seq.

29. As a result of the foregoing, the plaintiff seeks judgment against the defendants, granting declaratory relief finding that the practices complained of herein are illegal, injunctive relief to correct the illegal practices complained of herein, monetary damages in the amount of all unpaid overtime wages, minimum wages, and liquidated damages, together with an award of costs, interest, and attorney's fees, as provided for under the New York State Labor Law.

THIRD CAUSE OF ACTION:
FOR UNJUST ENRICHMENT

30. Plaintiff repeats and realleges all allegations previously set forth.

31. The defendants have received labor from the plaintiff, for which the plaintiff anticipated she would be properly compensated.

32. The defendants, knowing of the plaintiff's reasonable intentions to be compensated in wages and benefits for the labor they were providing to the defendants, failed to pay or otherwise provide to the plaintiff such compensation, and defendants were unjustly enriched thereby.

33. As a result of the foregoing, plaintiff seeks judgment against the defendants granting declaratory relief finding that the practices complained of herein are illegal, injunctive relief to correct the illegal practices complained of herein, and monetary damages.

FOURTH CAUSE OF ACTION:
FOR QUANTUM MERUIT

34. Plaintiff repeats each and every allegation previously set forth herein.

35. While plaintiff's services were accepted by defendants, defendants did not provide to plaintiff the reasonable value of her services.

36. As a result of the foregoing, the plaintiff seeks from the defendants an undetermined amount in damages as measured by the compensation promised by defendants and required by law.


WHEREFORE, plaintiff demands judgment against the defendants for the following relief:

a) Payment of all wages owed, declaratory relief finding that the practices complained of herein are illegal; injunctive relief to correct the illegal practices complained of herein, including proper maintenance of wage and hour records; institution and maintenance of proper overtime, minimum wage, and other wage policies; and benefits and monetary damages;

b) Costs, disbursements and attorneys' fees.

c) Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiffs demand a trial by jury.

Dated: New York, New York
December 1, 2006

                                      MICHAEL SHEN & ASSOCIATES, P.C.

By: _____
                **MICHAEL SHEN (5714)**
                Attorneys for Plaintiffs
                225 Broadway, Suite 2515
                New York, NY 10003
                212-227-0300