UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
Reyna Arellano,                                                    06 cv. 13715

                          Plaintiff,            SECOND AMENDED
                                                           COMPLAINT AND
    -against-                                                         JURY DEMAND

C-Town Supermarket, Compare Foods Supermarket,
Inoa Meat & Produce Inc.,Genaro Antonio Jaques
A/K/A Genaro Antonio Jaquez, Angela Irene de
Jaques A/K/A Angela Jaquez, Sabana Meat Corp.,
Andres Frias, and Anthony Espinal,

                          Defendants.
------------------------------------------------------------X



       The Plaintiff, by her attorneys, MICHAEL SHEN & ASSOCIATES P.C., as and for a Complaint against the defendants, states and alleges, as follows:

PRELIMINARY STATEMENT

1.     Plaintiff, a former employee of defendants, C-Town Supermarket, Inoa Meat & Produce Inc., Compare Foods Supermarket, and Sabana Meat Corp. (collectively C-Town), brings this action for wage violations, including denial of overtime pay and minimum wages and retaliation, pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 206, 207, 215, and the New York Labor Law §§190 et. seq., §§650 et. seq, and § 215.

JURISDICTIONAL STATEMENT

2.     This Court has jurisdiction over the claims presented pursuant to 28 U.S.C. §§ 1331, 1343, and § 1367; and the Fair Labor Standards Act Section 16 ("the FLSA"), as amended, 29 U.S.C. § 216(b).

3.     Plaintiff invokes the supplemental jurisdiction of this court to consider claims arising under state law.

1

4. Venue lies in the Southern District of New York, pursuant to 28 U.S.C. §1391.

PARTIES

5. The plaintiff Reyna Arellano is a resident of the State of New York, County of Queens, and is a former employee of defendant C-Town.

6. The defendants C-Town Supermarket and Inoa Meat & Produce Inc. (hereinafter collectively "C-Town") are companies doing business under the laws of the State of New York, with a principal place of business at 309 East 115th Street, New York, New York. C-Town is a business enterprise engaged in interstate commerce, and gross annual income over $500,000.00. C-Town is an employer for all purposes of this litigation.

7. Upon information and belief, defendant Compare Foods Supermarket has done business under the state laws of the State of New York, with a principal place of business at 309 East 115th Street, New York, New York, since around December 9, 2006. Compare Foods Supermarket is a successor to C-Town and is an employer for all purposes of this litigation. In purchasing and assuming the business at 309 East 115th Street, Compare Foods Supermarket was aware of the policies that affected the plaintiffs as detailed herein.

8. Defendant Genaro Antonio Jaques A/K/A Genaro Antonio Jaquez was an owner and manager of C-Town in New York, and a resident of the State of New York. He had the authority to make, and did make, all personnel decisions, including hiring and firing, and was responsible for making decisions and/or implementing policies by or on behalf of C-Town that affected the plaintiffs as detailed herein. Defendant Genaro Antonio Jaques A/K/A Genaro Antonio Jaquez is an employer for all purposes of this litigation.

9. Defendant Angela Irene de Jaques A/K/A Angela Jaquez was an owner and manager of C-Town in New York, and a resident of the State of New York. She had the authority to make,

and did make, all personnel decisions, including hiring and firing, and was responsible for making decisions and/or implementing policies by or on behalf of C-Town that affected the plaintiffs as detailed herein. Defendant Angela Irene de Jaques A/K/A Angela Jaquez is an employer for all purposes of this litigation.

10.     Upon information and belief, defendant Sabana Meat Corporation has done business under the state laws of the State of New York, with a principal place of business at 309 East 115th Street, New York, New York, since around December 8, 2006. Sabana Meat Corporation is an owner of Compare Foods Supermarket, and is an employer for all purposes of this litigation. In purchasing and assuming the business at 309 East 115th Street, Sabana Meat Corporation was aware of the policies that affected the plaintiff as detailed herein.

11.     Upon information and belief, defendant Andres Frias is an owner and manager of Compare Foods Supermarket in New York. He has the authority to make, and did make, all personnel decisions, including hiring and firing, and was responsible for making decisions and/or implementing policies by or on behalf of Compare Food Supermarket that affected the plaintiff as detailed herein. Defendant Andres Frias is an employer for all purposes of this litigation.

12.     Upon information and belief, Defendant Anthony Espinal is an owner and manger of Compare Foods Supermarket in New York. He has the authority to make, and did make, all personnel decisions, including hiring and firing, and was responsible for making decisions and/or implementing policies by or on behalf of Compare Food Supermarket that affected the plaintiff as detailed herein. Defendant Anthony Espinal is an employer for all purposes of this litigation.

## STATEMENT OF FACTS

13.     Plaintiff Reyna Arellano worked as a delivery person for C-Town from January 6, 2002 until around December 16, 2006.

14.     There were usually three other delivery persons working for C-Town.

15.     Her performance and qualifications are excellent.

## MINIMUM WAGES AND OVERTIME PAY WERE DENIED

16.     Plaintiff and the other delivery persons were not paid any wages.

17.     They received only tips from customers for whom they delivered groceries.

18.     Defendant C-Town paid her nothing.

19.     C-Town intentionally claimed that plaintiff was not an employee.

20.     C-Town did not maintain records of the hours Ms. Arellano worked.

21.     Ms. Arellano regularly worked over 40 hours per week, but was never paid anything by C-Town, including pay at the legal overtime rate.

22.     In fact, plaintiff Arellano worked 10 hours per day, 6 days per week.

23.     Delivery persons, including plaintiff, were legally entitled to minimum wages and an overtime rate of one and one-half times their regular hourly wage for all hours worked in excess of 40 hours per week.

24.     The delivery persons were not paid at the legally required overtime rate for their overtime work.

25.     The defendants were, at all relevant times herein, aware that the delivery persons, including plaintiff, were not being paid their full and proper wages in accordance with the provisions of the Fair Labor Standards Act and the New York State Labor Law.

26. In fact, it was the explicit and stated policy of defendants not to pay for any wages to delivery persons, including overtime wages at the legally required rate.

27. The defendants willfully failed to make minimum wages and overtime payments.

## RETALIATION FOR COMPLAINING ABOUT WAGE VIOLATIONS

28. On December 4, 2006, Plaintiff filed this case.

29. On or about December 8, 2006, Defendants Antonio Jacquez and Angela Irene De Jacquez sold the business, or part of the business, to Sabana Meat Corp., Andres Frias, and Anthony Espinal.

30. Even after they sold the business, or part of the business, Defendants Antonio Jacquez and Angela Irene De Jacquez still had the authority to make decisions that affected the plaintiff.

31. On or about December 16, 2006, when plaintiff arrived at work, Defendant Antonio Jaquez, upset about this lawsuit, screamed at her, "Are you crazy?" and "Do you have no sense?" and "Why did you do this to us?"

32. At least one of the new owners, either Andres Frias or Anthony Espinal, were present during this incident.

33. Defendant Antonio Jacquez then terminated Plaintiff Arellano.

## FIRST CAUSE OF ACTION
## VIOLATIONS OF THE FAIR LABOR STANDARDS ACT: OVERTIME PAY

34. Plaintiff repeats and realleges all allegations previously set forth.

35. Plaintiff brings this claim for minimum wages and overtime pay pursuant to the Fair Labor Standards Act, 29 U.S.C. §§206, 207.

36. As a result of the foregoing, plaintiff seeks judgment against the defendants, granting declaratory relief finding that the practices complained of herein are illegal, injunctive relief to

correct the illegal practices complained of herein, monetary damages in the amount of all unpaid overtime wages, minimum wages, and liquidated damages, together with an award of costs, interest, and attorney's fees, as provided for pursuant to 29 U.S.C. §§206, 207, 216(b).

## SECOND CAUSE OF ACTION:
## VIOLATIONS OF NEW YORK LABOR LAW ARTICLES 6 AND 19

37. Plaintiff repeats and realleges all allegations previously set forth.

38. Plaintiff brings this claim for overtime pay and minimum wages or the full and proper payment of their wages and benefits in violation of New York Labor Law Articles 6 and 19, §§ 190 et.seq. and §§ 650 et.seq.

39. As a result of the foregoing, the plaintiff seeks judgment against the defendants, granting declaratory relief finding that the practices complained of herein are illegal, injunctive relief to correct the illegal practices complained of herein, monetary damages in the amount of all unpaid overtime wages, minimum wages, and liquidated damages, together with an award of costs, interest, and attorney's fees, as provided for under the New York State Labor Law.

## THIRD CAUSE OF ACTION:
## FOR UNJUST ENRICHMENT

40. Plaintiff repeats and realleges all allegations previously set forth.

41. The defendants have received labor from the plaintiff, for which the plaintiff anticipated she would be properly compensated.

42. The defendants, knowing of the plaintiff's reasonable intentions to be compensated in wages and benefits for the labor they were providing to the defendants, failed to pay or otherwise provide to the plaintiff such compensation, and defendants were unjustly enriched thereby.

6

43. As a result of the foregoing, plaintiff seeks judgment against the defendants granting declaratory relief finding that the practices complained of herein are illegal, injunctive relief to correct the illegal practices complained of herein, and monetary damages.

FOURTH CAUSE OF ACTION:
FOR QUANTUM MERUIT

44. Plaintiff repeats each and every allegation previously set forth herein.

45. While plaintiff's services were accepted by defendants, defendants did not provide to plaintiff the reasonable value of her services.

46. As a result of the foregoing, the plaintiff seeks from the defendants an undetermined amount in damages as measured by the compensation promised by defendants and required by law.

FIFTH CAUSE OF ACTION:
VIOLATION OF FAIR LABOR STANDARDS ACT: RETALIATION

47. Plaintiff repeats each and every allegation previously set forth herein.

48. Plaintiff complained to the Defendants that she was owed wages not paid to her.

49. The Defendants, in response to the filing of this complaint, retaliated against her, in violation of FLSA, 29 U.S.C. § 215, by terminating her employment.

50. The aforesaid retaliatory conduct of the defendants was malicious, intentional, illegal and performed with the actual intent to harm the plaintiff, and plaintiff was directly and proximately harmed from such conduct.

51. As a result of the foregoing, the plaintiff seeks judgment from the defendants, granting declaratory relief finding that the practices complained of herein are illegal, injunctive relief to correct the illegal practices complained of herein, and monetary damages.

## SIXTH CAUSE OF ACTION:
## FOR RETALIATION PURSUANT TO NEW YORK LABOR LAW SECTION 215

52.    Plaintiff repeats each and every allegation previously set forth herein.

53.    Plaintiff complained to defendants that she was owed wages not paid to her.

54.    In response to the filing this complaint, defendants retaliated against the plaintiff, in violation of Section 215 of the Labor Law of the State of New York, by terminating her employment.

55.    The aforesaid retaliatory conduct of the defendants was malicious, intentional, illegal and performed with the actual intent to harm the plaintiff, and the plaintiff was directly and proximately harmed from such conduct.

56.    As a result of the foregoing, the plaintiff seeks judgment granting declaratory relief finding that the practices complained of herein are illegal, injunctive relief to correct the illegal practices complained of herein, and monetary damages.

WHEREFORE, plaintiff demands judgment against the defendants for the following relief:

a) Payment of all wages owed, declaratory relief finding that the practices complained of herein are illegal; injunctive relief to correct the illegal practices complained of herein, including proper maintenance of wage and hour records; institution and maintenance of proper overtime, minimum wage, and other wage policies; and benefits and monetary damages;

b) Costs, disbursements and attorneys' fees;

c) Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiffs demand a trial by jury.

Dated: New York, New York
       August 1, 2007

                                      MICHAEL SHEN & ASSOCIATES, P.C.

By: _____
                                **MICHAEL SHEN (5714)**
                                Attorneys for Plaintiffs
                                225 Broadway, Suite 2515
                                New York, NY 10003
                                212-227-0300